**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**LAS CRUCES DIVISION**

| | |
|---|---|
| ALFRED DELGADO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-194 |
| AA RECOVERY SOLUTIONS INC. and TRACY PICKELL, individually, | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALFRED DELGADO ("Plaintiff"), through his attorney, Mark D. Trujillo, alleges the following against Defendants, AA RECOVERY SOLUTIONS INC. ("AA Recovery Solutions") and TRACY PICKELL, individually ("Pickell") (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Las Cruces, Doña Ana County, New Mexico.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendants are debt collectors as that term is defined by the FDCPA.

9. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

10. AA Recovery Solutions is a collection agency headquartered in the City of Clearwater, Pinellas County, State of Florida.

11. Upon information and belief, Pickell is an owner, officer, director and/or partner of AA Recovery Solutions and regularly directs the business practices of the company.

12. Upon information and belief, Pickell is a citizen of the State of New York.

13. Defendants are engaged in the collection of debt within the State of New Mexico.

14. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendants it is assigned an account number.

16. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

17. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

18. During the course of their attempts to collect debts allegedly owed to third parties, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

20. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal. 2009); See also, *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008).

21. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D. NY 1994); *Del Campo v. Kennedy*, 491 F. Supp 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D. PA 2004); *Brink v. First Credit Res.*, 57 F.Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

**FACTUAL ALLEGATIONS**

22. Defendants are attempting to collect an alleged consumer debt from Plaintiff originating with a personal loan.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. In or around May 2020, AA Recovery Solutions began calling Plaintiff's mother-in-law, Lisa, on her cellular number at xxx-xxx-5917, in an attempt to collect the alleged debt.

25. In or around May 2020 and August 2020, Plaintiff's mother-in-law answered AA

Recovery Solutions' call and spoke with one of AA Recovery Solutions' representatives.

26. During the conversations with Plaintiff's mother-in-law, AA Recovery Solutions' representatives falsely represented that Plaintiff used Plaintiff's mother-in-law as a reference when Plaintiff applied for the personal loan.

27. In or around July 2020, AA Recovery Solutions began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-5755, in an attempt to collect the alleged debt.

28. AA Recovery Solutions calls Plaintiff from 716-398-4051, which is one of AA Recovery Solutions' telephone numbers.

29. On or about August 11, 2020, AA Recovery Solutions' male representative, Roger Smith ("Roger"), left the following voicemail on Plaintiff's telephone:

> Hi, yes, I was looking to speak with Alfred Delgado. My name is Roger Smith. I'm reaching out to you today regarding a legal matter taking place within Dona Ana County. There was a certified documents sent out to you at 4497 Galisteo Loop. Your failure to respond prompt me to reach out to you personally to explain what's going on in detail. If I do not hear back from either you or your representing attorney by this Thursday on the 13th, we will have no choice but to dismiss the file from our office and proceed further. I can be reached directly at 716- 398-4051. Again, that's 716-398-4051.

30. On or about August 11, 2020, Plaintiff called AA Recovery Solutions at 716-398-4051 and spoke with Roger.

31. During the conversation with Roger:

   a. Roger demanded that Plaintiff make a payment to AA Recovery Solutions by Thursday, August 13, 2020.

   b. Roger threatened to take legal action against Plaintiff.

   c. Roger threatened that Plaintiff will be served with papers.

   d. Roger threatened to place a lien on Plaintiff's home.

   e. Roger threatened to freeze Plaintiff's assets.

32. On or about December 21, 2020, AA Recovery Solutions' female representative, Michelle Brown ("Michelle"), left the following voicemail on Plaintiff's telephone:

> Alfred Delgado, my name is Michelle Brown. I'm contacting you in regards to your case being filed through Santa Ana County, now by law and make you aware that once case number, 435175, is filed through the county, it becomes a matter of public record, and there is an order for your location. Now, since I wasn't able to reach you by phone, Mr. Alfred Delgado, I've been instructed to contact your employer and to speak with your supervisor because it looks like that's going to be your only likely place of location. Now, Mr. Alfred Delgado, you do have the legal right to contact the proceeding's office that is processing your case. However, you would have to speak with them before your case is filed. Because once your case is filed it is going to be discharged from their office, and all of your legal rights will be forfeited. The number provided for that legal department is 844-502-4081. It also states here that you're going to need to speak with their legal department. Now, Mr. Alfred Delgado, you're being legally notified by telephone and you will be located unless we were instructed otherwise.

33. AA Recovery Solutions' collectors were working within the scope of their employment when they communicated with Plaintiff.

34. AA Recovery Solutions' collectors are or should be familiar with the FDCPA.

35. AA Recovery Solutions' collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

36. AA Recovery Solutions' collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

37. AA Recovery Solutions never sent Plaintiff certified documents.

38. To date, AA Recovery Solutions has not taken legal action against Plaintiff.

39. During the course of collection efforts against Plaintiff, Pickell acted in association with her company, AA Recovery Solutions, regarding the conduct toward Plaintiff described above by presenting to AA Recovery Solutions office(s) to work and by assisting AA

Recovery Solutions in obtaining revenue.

40. AA Recovery Solutions was the avenue through which Pickell and AA Recovery Solutions' employees conducted their business operation, namely, debt collection.

41. Pickell was responsible for setting the policies and procedures related to the collection practices of AA Recovery Solutions' employees and directed them to specifically act in the manner described above.

42. During all times pertinent hereto, Pickell:

   a. Created the collection policies and procedures used by AA Recovery Solutions, and its respective employees and agents, in connection with their common efforts to collect consumer debts;

   b. Managed or otherwise controlled the daily collection operations of AA Recovery Solutions;

   c. Oversaw the application of the collection policies and procedures used by AA Recovery Solutions and its employees and agents;

   d. Drafted, created, approved and ratified the tactics and scripts used by AA Recovery Solutions and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged above;

   e. Ratified the unlawful debt collection practices and procedures used by AA Recovery Solutions and its employees and agents in connection with their common efforts to collect consumer debts; and

   f. Had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by AA Recovery Solutions and its

employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above.

43. Pickell knew that AA Recovery Solutions repeatedly or continuously engaged in collection practices.

44. Pickell and AA Recovery Solutions, and their respective agents and employees, knew that the representations made to Plaintiff were false, deceptive and misleading.

**COUNT I AA RECOVERY SOLUTIONS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

45. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

46. AA Recovery Solutions violated the FDCPA based on the following:

    a. AA Recovery Solutions violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when AA Recovery Solutions continued to call Plaintiff on Plaintiff's telephone after Plaintiff requested for AA Recovery Solutions to stop calling him;

    b. AA Recovery Solutions violated § 1692d(5) of the FDCPA engaging any person in telephone conversation continuously with intent to annoy, abuse or harass any person, when AA Recovery Solutions continued to call Plaintiff on Plaintiff's telephone after Plaintiff requested for AA Recovery Solutions to stop calling him;

    c. AA Recovery Solutions violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when AA Recovery Solutions left voicemail messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from AA Recovery Solutions;

d. AA Recovery Solutions violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when AA Recovery Solutions engaged in, at least, the following discrete violations of § 1692e;

e. AA Recovery Solutions violated § 1692e(2)(A) of the FDCPA by using false representations of the legal status of any debt, when AA Recovery Solutions threatened to garnish Plaintiff's wages;

f. AA Recovery Solutions violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages, when AA Recovery Solutions threatened to garnish Plaintiff's wages and AA Recovery Solutions did not intend to take such action;

g. AA Recovery Solutions violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when AA Recovery Solutions threatened to take legal action against Plaintiff and AA Recovery Solutions did not intend to take such action;

h. AA Recovery Solutions violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when AA Recovery Solutions falsely represented that Plaintiff's mother-in-law was used as a reference on Plaintiff's loan application and when AA Recovery Solutions insinuated legal action was taken against Plaintiff when no such action was taken;

i. AA Recovery Solutions violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when AA Recovery Solutions left voicemail

messages for Plaintiff on Plaintiff's telephone and did not disclose the communication is from a debt collector attempting to collect a debt; and

j. AA Recovery Solutions violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when AA Recovery Solutions engaged in all of the foregoing misconduct.

47. AA Recovery Solutions' acts as described above were done intentionally with the purpose of harassing Plaintiff.

48. As a result of the foregoing violations of the FDCPA, AA Recovery Solutions is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ALFRED DELGADO, respectfully requests judgment be entered against Defendant, AA RECOVERY SOLUTIONS, for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

51. Any other relief that this Honorable Court deems appropriate.

**COUNT II TRACY PICKELL VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

52. Plaintiff repeats and re-alleges paragraphs one (1) through forty-four (44) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. As alleged above, Pickell is a debt collector as defined by the FDCPA.

54. Pickell managed or otherwise controlled the daily collection operations of AA Recovery Solutions.

55. Pickell had knowledge of, approved, participated in, ratified and benefitted financially

from the unlawful debt collection practices used by AA Recovery Solutions.

56. Pickell has the burden to monitor the activities of AA Recovery Solutions.

57. AA Recovery Solutions violated the FDCPA.

58. Pickell is vicariously liable for the unlawful collection activities carried out by AA Recovery Solutions on her behalf.

53. Pickell's acts as described above were done intentionally with the purpose of harassing Plaintiff.

54. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ALFRED DELGADO, respectfully requests judgment be entered against Defendant, TRACY PICKELL, for the following:

55. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

56. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

57. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  March 04, 2021

By: /s/Mark D. Trujillo_____
Mark D. Trujillo
211 Twelfth St. NW
Albuquerque, NM 87102
(505) 254-2854
mtrujillo@brucemcdonaldlaw.com